UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DEVINE MARKS, | : | CIVIL NO: 4:13-CV-00726 |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CORIZON HEALTH CARE, INC., *et al.*, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review. The plaintiff, Devine Marks, fell down a flight of stairs injuring his back during a seizure, and he claims that the defendants violated his constitutional rights by assigning him to a cell on the second tier of the prison even though he suffers from epileptic seizures. Marks names Corizon Health Care, Inc. (Corizon)[1] as a defendant as well as six individuals. We have reviewed the complaint in accordance with 28 U.S.C. § 1915A, and we conclude that if fails to state a claim upon which relief may be granted against Corizon. We recommend that Marks's application for leave to proceed *in forma pauperis* be granted,

---

[1] Although Marks identifies this defendant as Conizen Health Care, Inc., from other cases in this court, we assume that he is referring to Corizon Health Care, Inc.

1

that the claim against Corizon be dismissed, and that Marks be granted leave to file an amended complaint.

**II. Factual Background and Procedural History.**

Marks, a state prisoner proceeding *pro se*, commenced this civil rights action by filing a complaint in the United States District Court for the Western District of Pennsylvania. He also filed an application for leave to proceed *in forma pauperis,* and the case was transferred to this court. Marks names as defendants Corizon and the following individuals: Teresa Law, the Health Care Administrator at the State Correctional Institution at Camp Hill; L. Hams, identified as an RNB[2]; Juneen Davis, a supervisor; Paul Leggon, a major; Ed Shoop, a corrections health care administrator; and Sergeant Huntsberger.

Marks alleges that he has epilepsy and that he has very serious seizures. According to Marks, he was advised that he was to be assigned only to a bottom bunk on a lower tier due to his medical condition. Nevertheless, he alleges that, in October of 2012, he was assigned a cell on the second floor of L Block at SCI-Camp Hill. After Marks explained to defendant Huntsberger that he was to be assigned a bottom bunk on a

---

[2] Marks does not allege what the initials "RNB" stand for.

lower tier, defendant Huntsberger told Marks that he knows what he is doing and ordered Marks to "just go." According to Marks, he wrote to all of the defendants about his cell assignment explaining that he needs help because given his medical condition being on a higher tier is hazardous to his health, but none of the defendants responded or took any action. Marks alleges that, on November 6, 2012, he had a seizure and fell down a flight of stairs. He asserts that as a result of the fall, he suffered a severe back injury, that he was taken to Holy Spirit Hospital, and that he now walks with a cane.

Marks is seeking unspecified declaratory and injunctive relief as well as monetary damages.

**III. Discussion.**

**A. Screening of *Pro Se* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.—**The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a

plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and '"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."' *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Corizon.**

Marks has not alleged facts from which it can reasonably be inferred that Corizon, a private company that provides health care in prisons, violated his constitutional rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). The principle that *respondeat superior* liability does not exist under 42 U.S.C. § 1983 extends even to a for-profit private corporation. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003)("PHS [Prison Health Services] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."). The United States Court of Appeals for the Third Circuit has applied the standard for municipal liability to claims against a private corporation providing services in a prison. *Id.* at 584.

To state a claim against a municipality, a plaintiff must allege that the violation of his rights was caused by a policy of the municipality. *Id.* Municipal policies include the decisions of a government's lawmakers and the acts of its policymaking officials as well as municipal customs, which are acts or practices that, even though not formally approved by an appropriate decisionmaker, are so persistent and widespread as to have the force of law. *Id.*; *Natale, supra,* 318 F.3d at 583. In other words, a municipality "'can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom.'" *Mulholland v Gov't County of Berks*,

706 F.3d 227, 237 (3d Cir. 2013) (quoting *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996)).

"Based on the Supreme Court's reasoning in the landmark *Monell* case, courts have recognized a 'two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom.'" *Id.* (quoting *Beck, supra,* 89 F.3d at 971).

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)(citations omitted) (alterations in original). "Custom . . . may also be established by evidence of knowledge and acquiescence." *Beck, supra,* 89 F.3d at 971. "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Additionally, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

Thus, for Marks to state a claim upon which relief may be granted against Corizon, he must allege facts from which it can plausibly be inferred that there was a

relevant policy or custom of Corizon and that the policy or custom caused the constitutional violation at issue. Marks, however, has not alleged essential elements of a claim of corporate liability under § 1983. He has not alleged any facts from which it can reasonably be inferred that Corizon had a policy or custom regarding the events he complains about, the nature of any policy or custom, or that a policy or custom caused a violation of his rights. Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Corizon.

**C. The Claim Against Corizon Should Be Dismissed Without Prejudice.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of this requirement, although this screening merits analysis calls for dismissal of the claim against Corizon, Marks should be granted another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. Thus, we recommend that the claim against Corizon be dismissed, but that the dismissal be without prejudice to Marks filing an amended complaint to attempt to state a claim upon which relief may be granted against this defendant.

## IV. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Marks's application to proceed *in forma pauperis* be granted. **IT IS FURTHER RECOMMENDED** that the claim against defendant Corizon HealthCare, Inc. be dismissed, but we also recommend that Marks be granted leave to file an amended complaint to attempt to state a claim upon which relief may be granted against this defendant.[3] **IT IS FURTHER RECOMMENDED** that the case be remanded to the undersigned for further proceedings either as to the amended complaint, if Marks files an amended complaint, or as to the claims against the individual defendants in the original complaint, if Marks does not file an amended complaint.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

---

3  We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects and it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of May, 2013.

S/Susan E. Schwab
Susan E. Schwab
United States Magistrate Judge
